# In the United States Court of Federal Claims

Nos. 12-374C and 12-377C
(Filed: June 7, 2013)

```
*************************************
AEROPLATE CORP., a California        *
corporation,                         *
                                     *
           Plaintiff,                *    Motion to Intervene by Judgment Creditor
                                     *    for Limited Purpose of Filing a Notice of
v.                                   *    Lien; RCFC 24; Antiassignment Act, 31
                                     *    U.S.C. § 3727
THE UNIQUE STATES,                   *
                                     *
           Defendant.                *
*************************************
```

William L. Bruckner, San Diego, CA, for plaintiff.

Jessica R. Toplin, United States Department of Justice, Washington, DC, for defendant.

Russell W. Reynolds, Fresno, CA, for putative defendant-intervenor.

**OPINION AND ORDER**

**SWEENEY**, Judge

Plaintiff Aeroplate Corp. has filed two suits against the United States in this court, alleging in each that the United States Department of Veterans Affairs ("VA") breached a contract related to the renovation of the VA medical center in Philadelphia, Pennsylvania. Premier Valley Bank, a judgment creditor of plaintiff, moves to intervene in both suits for the sole purpose of filing a Notice of Lien on plaintiff's causes of action. For the reasons set forth below, the court denies the bank's motion to intervene.

**I. BACKGROUND**

To finance its renovation projects in Philadelphia, plaintiff obtained several loans from Premier Valley Bank. The loans were secured, in part, by plaintiff's accounts receivable. Due largely to its disputes with the VA regarding the two renovation contracts at issue in these cases, plaintiff defaulted on its loan payments to the bank. Plaintiff sought to assign its breach of contract claims against the VA to the bank, but the VA did not execute the assignment as requested. Accordingly, plaintiff filed suit in this court, seeking damages of $688,513.14 for the alleged breach of one of the contracts and $744,690.95 for the alleged breach of the other. The bank subsequently obtained a judgment against plaintiff in the Fresno County, California

Superior Court in the amount of $743,136.24.  It now seeks to enforce that judgment by placing a lien on the proceeds, if any, of plaintiff's suits in this court.

## II. DISCUSSION

Premier Valley Bank relies on Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC") as authority for its intervention in these cases, asserting, without any legal support, that both intervention as a matter of right pursuant to RCFC 24(a) and permissive intervention pursuant to RCFC 24(b) are appropriate.  Neither provision is applicable.

Under RCFC 24(a), the court is required to allow the intervention of anyone who:

(1)  is given an unconditional right to intervene by a federal statute; or

(2)  claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The bank has not identified any federal statute that provides it "an unconditional right to intervene" as set forth in RCFC 24(a)(1), instead relying on California state law as the basis of its purported right to intervene in these two cases.  However, the plain language of the rule does not allow state law to provide the right to intervene in an action against the United States in this court.  See also Knight v. United States, 982 F.2d 1573, 1578 (Fed. Cir. 1993) ("Absent consent, state process to reach government property, even where there is a monetary obligation owed by the government to another, is not cognizable.").  Thus, intervention under RCFC 24(a)(1) is not appropriate.

With respect to RCFC 24(a)(2), the bank asserts bald allegations that it has an interest in plaintiff's claims against the VA, that the court's disposition of those claims without providing for its lien would impair its interest, and that neither of the current parties would adequately protect its interest.  These assertions are conclusory in nature.  Indeed, the bank does not attempt to explain how the court's resolution of plaintiff's suits would impair or preclude the enforcement of its judgment against plaintiff.  In the absence of nonconclusory allegations regarding its interest in plaintiff's claims, the bank cannot intervene under RCFC 24(a)(2).  See also Am. Renovation & Constr. Co. v. United States, 65 Fed. Cl. 254, 257-58 (2005) (noting that the requirements of RCFC 24(a)(2) are to be construed liberally in support of intervention, but that nonconclusory allegations are nevertheless required).

Under RCFC 24(b), the court may allow the intervention of anyone who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  RCFC 24(b)(1). Permissive intervention "usually involves adjudication of an additional claim on the merits."  United Keetoowah Band of Cherokee Indians of Okla. v. United States, 78 Fed. Cl. 303, 306 (2007).  Thus, permissive

intervention requires putative intervenors to establish an independent basis for jurisdiction. Id. at 306-07; Chippewa Cree Tribe of Rocky Boy's Reservation v. United States, 85 Fed. Cl. 646, 661 (2009). The bank has not alleged that a federal statute provides it a conditional right to intervene or that it has a claim or defense in either of plaintiff's suits; in fact, it acknowledges that it has no claim against the United States. Because the bank has not identified an independent claim over which the court possesses jurisdiction, its motion to intervene under RCFC 24(b) must also fail.

In addition to not meeting the criteria for intervention set forth in RCFC 24,[1] the bank is precluded from intervening in these two cases pursuant to the statute generally prohibiting the assignment of claims against the United States, commonly referred to as the Antiassignment Act. See 31 U.S.C. § 3727 (2006). Under the Antiassignment Act, an assignment of a claim, or an interest in a claim, against the United States "may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." Id. § 3727(b); see also Pittman v. United States, 116 F. Supp. 576, 580 (Ct. Cl. 1953) ("The Anti-Assignment statute was enacted for the purpose of preventing third parties, with whom the Government was not in privity, from acquiring an enforceable interest in a claim against it."). The requirements of the Antiassignment Act have not been satisfied in these two cases; plaintiff's claims have not been allowed, the amounts of plaintiff's claims have not been decided, and warrants for the payment of plaintiff's claims have not been issued. Moreover, the bank has not established, much less alleged, that it has a valid assignment under 31 U.S.C. § 3727(c), which sets forth different requirements for assignments to financing institutions.

### III.  CONCLUSION

For the foregoing reasons, the court **DENIES** Premier Valley Bank's motion to intervene in the above-captioned cases. The clerk shall forward a copy of this ruling to the bank at the address set forth in the motion to intervene.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

---

[1] Premier Valley Bank also did not comply with RCFC 24(c), which requires a motion to intervene to be accompanied by "a pleading that sets out the claim or defense for which intervention is sought." Pleadings in this court include complaints, answers, counterclaims, replies to offsets or pleas of fraud in an answer, and replies to answers. See RCFC 7; RCFC 14. The Notice of Lien submitted by the bank with its motion to intervene does not constitute a pleading.