**ORIGINAL**

# In the United States Court of Federal Claims

Nos. 12-374C and 12-377C
(Filed: July 28, 2014)

FILED
JUL 28 2014
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
AEROPLATE CORP., a California corporation,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

On July 14, 2014, the Clerk of Court received a Notice of Lien in each of the above-captioned cases from California Bank and Trust. As an initial matter, there is no provision in the Rules of the United States Court of Federal Claims for the filing of a lien notice. In addition, allowing the lien notices to be filed would violate the statute generally prohibiting the assignment of claims against the United States, commonly referred to as the Antiassignment Act. See 31 U.S.C. § 3727 (2006). Under the Antiassignment Act, an assignment of a claim, or an interest in a claim, against the United States "may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." Id. § 3727(b); see also Pittman v. United States, 116 F. Supp. 576, 580 (Ct. Cl. 1953) ("The Anti-Assignment statute was enacted for the purpose of preventing third parties, with whom the Government was not in privity, from acquiring an enforceable interest in a claim against it."). The requirements of the Antiassignment Act have not been satisfied in these two cases; plaintiff's claims have not been allowed, the amounts of plaintiff's claims have not been decided, and warrants for the payment of plaintiff's claims have not been issued. Moreover, the bank has not established, much less alleged, that it has a valid assignment under 31 U.S.C. § 3727(c), which sets forth different requirements for assignments to financing institutions.

Accordingly, the court directs the Clerk of Court to return the lien notices to the bank, unfiled.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge